McDONALD *v*. DRAGER

Appeal from Macomb, George R. Deneweth and Howard R. Carroll, JJ. Submitted Division 2 October 14, 1970, at Lansing. (Docket Nos. 7,949, 7,950.) Decided October 26, 1970. Rehearing denied December 7, 1970.

Complaint by William D. McDonald, mayor of Roseville, Wilson M. Jackson, John and Mary Salatrik, and others as a class of residents, electors and taxpayers of Roseville against Richard Drager and other members of the Roseville City Council to rescind two municipal resolutions, and against Joseph Savage, Roseville City Clerk, to strike from the permanent journal of proceedings of the city council the two resolutions. Summary judgment for defendants. Plaintiffs appeal. Complaint by William D. McDonald against Richard Drager and other members of the city council and James D. Bottomley, acting city manager, to rescind certain municipal code provisions and a termination notice. Summary judgment for defendants. Plaintiff appeals. Cases consolidated on appeal. Affirmed.

William D. McDonald, *in propria persona* (*Robert J. Lord*, of counsel).

*Wilson M. Jackson*, for plaintiffs Salatrik and for himself.

*Ross, Bruff & Rancilio, P. C.*, for defendants.

Before: Quinn, P. J., and V. J. Brennan and
Ziem,* JJ.

Per Curiam.   In each of the cases involved, the
trial judges granted defendants' motion for sum-
mary judgment under GCR 1963, 117.2(1).   Each
appeal questions the propriety of summary disposi-
tion.   It is apparent that the cause of litigation in
each instance is disagreement between the mayor
and the city council of Roseville as to their respec-
tive authority in the municipal affairs of their com-
munity.

We perceive no jurisprudential purpose to be
served by lengthy discussion of the issues raised on
appeal, and, conceivably, by doing so, we would add
to the existing disharmony between these municipal
officials.

We have reviewed the trial court records and we
have considered the briefs filed by the parties.   We
are not persuaded that the trial judges erred in
granting summary judgment for defendants.

Affirmed but without costs, a public question being
involved.

---

* Circuit judge, sitting on the Court of Appeals by assignment.